UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY GONYEA,

    Plaintiff,

v.

J.A. TERRIS,

    Defendant.
_____/

Case No. 15-cv-10116
Hon. Matthew F. Leitman

**OPINION AND ORDER DISMISSING
PETITION FOR A WRIT OF HABEAS CORPUS (ECF #1)**

### I. Introduction

Federal prisoner Jerry Gonyea ("Petitioner"), currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his federal criminal convictions and sentence. (*See* the "Petition, ECF #1")

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez*

1

*v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such a review, and for the reasons stated herein, the Court concludes that the Petition must be **DISMISSED**.

## II. Facts and Procedural History

In 1994, Petitioner and an accomplice robbed two banks while carrying firearms and threatened to kill those who were present. Petitioner initially pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113 and two counts of using or carrying a firearm during the commission of a felony in violation of 18 U.S.C. § 924(c) in this district before the Honorable Avern Cohn. Petitioner subsequently withdrew his plea in order to pursue a diminished capacity defense. Following further proceedings, the trial court excluded that defense. Consequently, in 1996, Petitioner again pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113 and two counts of using or carrying a firearm during the commission of a felony in violation of 18 U.S.C. § 924(c). The Rule 11 agreement called for Petitioner to be sentenced at the bottom of the guideline range and preserved his right to appeal the preclusion of his diminished

capacity defense. In September, 1996, the trial court sentenced Petitioner at the bottom of the guidelines to 351 months imprisonment. The United States Court of Appeals for the Sixth Circuit affirmed his convictions. *See United States v. Gonyea*, 140 F.3d 649 (6th Cir. 1998).

In 2010, Petitioner filed a motion for relief from judgment with the trial court, which was denied. In 2012, Petitioner filed a motion to vacate his sentence with the trial court pursuant to 28 U.S.C. § 2255. The trial court denied the motion finding that it was untimely and that the grounds raised were not proper subjects for such a motion. *See United States v. Gonyea*, No. 94-80346 (E.D. Mich. Oct. 22, 2012) (Cohn, J.).

In his current pleadings, Petitioner raises the following claims: (1) his incarceration is unlawful and he is entitled to immediate release based upon the United States Supreme Court's decisions in *Missouri v. Frye*, _ U.S. _, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, _ U.S. _, 132 S. Ct. 1376 (2012), which concern the effectiveness of counsel during plea bargaining; (2) the trial court erred in allowing him to withdraw his initial guilty plea without properly ascertaining/informing him that he could not present a diminished capacity defense at trial; (3) the trial court erred in sentencing him to 351 months imprisonment; and (4) he is being denied proper sentencing credit for some of the time he spent in state custody. Petitioner does not allege that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective or that he is actually innocent. Petitioner further admits that he has not exhausted his administrative remedies.

### III. Discussion

### A. Habeas Claims 1, 2, and 3

Petitioner brings this action as a habeas petition under 28 U.S.C. § 2241. Petitioner's first three habeas claims, however, concern the validity of his convictions and sentence. A motion to vacate sentence under 28 U.S.C. § 2255 filed with the trial court is the proper avenue for relief on a federal prisoner's claims that his convictions and/or sentences were imposed in violation of the federal constitution or federal law. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *see also McCully v. United States*, 60 Fed. App'x 587, 588 (6th Cir. 2003) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). "The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy" to the motion to vacate, set aside, or correct the sentence under §2255. *Id*. at 758.

"The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that [a prior motion to vacate sentence under § 2255 may] have proved unsuccessful does not necessarily meet that burden." *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Indeed, the remedy afforded under § 2255 "is not considered inadequate or ineffective simply because § 2255 relief [may be or] has already been denied, or because the petitioner is procedurally barred

4

from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (internal citation omitted). Moreover, § 2255 allows a criminal defendant to seek relief based upon a change in the law and even to bring a second or successive motion under limited circumstances.

The possibility that Petitioner may not be able to satisfy the procedural requirements under § 2255 does not mean that he should be allowed to proceed under § 2241. *See Peterman*, 249 F.3d at 461 ("The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief"). *See also United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999) ("A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture"). "The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255." *Charles*, 180 F.3d at 758.

Because Petitioner has not shown that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective, he is not entitled to habeas relief from his criminal sentence under 28 U.S.C. § 2241. *See, e.g., Navar v. Warden Fort Dix FCI*, 569 Fed. App'x 139, 140 (3d Cir. 2014) (affirming dismissal of § 2241 petition raising claims under *Lafler* and

5

*Frye*); *Fuller v. United States*, No. 14-cv-714-DRH, 2014 WL 3543703, *2-4 (S.D. Ill. July 17, 2014) (dismissing § 2241 petition raising ineffective assistance of counsel claims under *Lafler, Frye*, and other Supreme Court cases because petitioner had not shown that his remedy under § 2255 was inadequate or ineffective or that he was actually innocent); *Valadez v. Holland*, No. 13-CV-186-GFVT, 2014 WL 970164, *2-3 (E.D. Ky. Mar. 12, 2014) (same). Thus, Petitioner's § 2241 petition as to his first three habeas claims must be dismissed.

### B. Habeas Claim 4

Petitioner's fourth habeas claim concerns the execution of his sentence and is thus properly brought in a habeas petition under 28 U.S.C. § 2241. Petitioner asserts that he is not being given credit on his federal sentence for the time he spent in state custody from April, 1994, to September, 1996. Petitioner believes that he is entitled to credit for that time because the federal trial court ordered his federal sentence to run concurrently with his state sentence. Petitioner's claim, however, is subject to dismissal because he is not entitled to such credit.

At the federal sentencing on September 1996, the sentencing court told Petitioner in no uncertain terms that "he can receive credit against this sentence for any time he serves in the state system *from this day henceforth*." (ECF #1 at 36, Pg. ID 36; emphasis added.) Petitioner's counsel then responded "[a]ll right. That's fine with us, Your Honor. I think that's better than guessing at how much it's going to be." (*Id.*) The record thus unambiguously reveals that the sentencing court intended, and Petitioner's

6

counsel understood and agreed, that Petitioner would *not* receive sentencing credit for time served in state custody prior to the federal sentencing. Because Petitioner's sentence plainly did not include credit for such time, Defendant has not violated Petitioner's rights by withholding credit for that time.

Moreover, the general rule is that a federal sentence "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *See Coloma v. Holder*, 445 F.3d 1282, 1283-84 (11th Cir. 2006) (per curiam) (quoting *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980); *Howard v. Longley*, 532 Fed. App'x 116, 117 (3d Cir. 2013) (same). Thus, "where a sentencing court orders a federal sentence to run concurrently with a pre-existing state sentence, the federal sentence is deemed to run concurrently only with the undischarged portion of the prior state [sentence]." *Perez v. Holland*, No. 12-112-GFVT, 2013 WL 501207, *2-3 (E.D. Ky. Feb. 11, 2013) (quoting *Blecher v. E.K. Cauley*, No. 08–132, 2009 WL 464932, at *2 (E.D .Ky. Feb. 24, 2009), citing cases, and denying habeas relief on similar claim); *see also Johnson v. Shartle*, No. 4:12CV2164, 2013 WL 2387765, *2-3 (S.D. Ohio May 30, 2013) (denying relief on similar claim). Petitioner has failed to provide any reason to depart from this rule here.

### IV. Conclusion

For all of the reasons stated above, the Court concludes that, as to Petitioner's first three habeas claims, Petitioner is challenging the validity of his federal criminal convictions and sentences and he has failed to establish that his remedy under 28 U.S.C.

§ 2255 is inadequate or ineffective or that he is actually innocent.  Those three claims are thus improperly brought under 28 U.S.C. § 2241.  Additionally, as to Petitioner's fourth habeas claim, the Court concludes that Petitioner has failed to allege facts which show that his federal sentence is being improperly calculated.  Petitioner is thus not entitled to habeas relief under 28 U.S.C. § 2241 as to that claim.

Accordingly, **IT IS HEREBY ORDERED** that the Petition (ECF #1) is **DISMISSED**.  The dismissal is without prejudice as to Petitioner's first three claims with respect to any relief that he may seek with the trial court in his criminal case or with the United States Court of Appeals for the Sixth Circuit.  The dismissal is with prejudice as to Petitioner's fourth claim.

Lastly, the Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241.  *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).  Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

                      s/Matthew F. Leitman  
                      MATTHEW F. LEITMAN  
                      UNITED STATES DISTRICT JUDGE

Dated:  February 5, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 5, 2015, by electronic means and/or ordinary mail.

                      s/Holly A. Monda  
                      Case Manager  
                      (313) 234-5113